JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Michael L. Krychman

## DEFENDANTS

State Farm Mutual Automobile Insurance Company

**(b)** County of Residence of First Listed Plaintiff **Fairfield**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **McLean**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Donald E. Manchel, Esquire
Donald E. Manchel & Associates
1515 Market Street, Suite 1300
Philadelphia, PA 19103 - 215-569-2100

Attorneys (If Known) Katherine Cole Douglas, Esquire/
Michael Saltzburg, Esquire
Bennett, Bricklin & Saltzburg LLP
1601 Market Street 16th Floor
Philadelphia, PA 19103 215-561-4300

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity Action- remove to the United States District Court Pursuant to 28 U.S.C. §1446(b)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   July 21, 2006

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| MICHAEL L. KRYCHMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                 ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)


| | | |
|---|---|---|
| __July 21, 2006__ | _M̶i̶c̶h̶_____ | Michael Saltzburg, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for** Defendant |
| | | State Farm Mutual Automobile Ins. Co. |
| (215) 561-4300 | (215) 561-6661 | saltzburg@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**                                        APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __2 Canterbury Court, Westport, CT  06880_____

Address of Defendant: __One State Farm Plaza, Bloomington, IL  61710-0001_____

Place of Accident, Incident or Transaction: _____Philadelphia, Pennsylvania_____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___        Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                  Yes☐   No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                           Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                           Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                           Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I,_____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
                              Attorney-at-Law                        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __July 21, 2006__     _____     __19937_____
                              Attorney-at-Law                        Attorney I.D.#

CIV. 609 (4/03)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL L. KRYCHMAN | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | |
| | : | |
| | : | NO. |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |

### NOTICE OF REMOVAL

AND NOW, comes the defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), for the purpose only of removing the cause to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, June Term, 2006, No. 2353.

2.      Said action was instituted in said Court on June 21, 2006, by filing a Complaint. Thereafter, an agent of defendant State Farm was served with a copy of this Complaint on June 23, 2006.

3.      A copy of said Complaint is attached hereto and marked Exhibit "A."  No other process, pleadings or Orders have been served upon this defendant.

4       The amount in controversy exceeds the sum of Seventy Five Thousand Dollars (75,000.00) exclusive of interest and costs.

5       The averments made herein are true and correct with respect to the date upon which suit was commenced and the date upon which this notice is being filed.

6.    This is a suit of a civil nature and involves a controversy between citizens of different states. Plaintiff is a citizen of the State of Connecticut. Defendant, State Farm Mutual Automobile Insurance Company, is a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois.

7.    28 U.S.C. §1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

8.    Defendant State Farm Mutual Automobile Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §1446(b).

9.    Defendant, State Farm Mutual Automobile Insurance Company, has simultaneously with the filing of this Notice given written notice to plaintiff.

10.    Defendant, State Farm Mutual Automobile Insurance Company, is also filing a copy of the instant Notice of Removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

WHEREFORE, defendant, State Farm Mutual Automobile Insurance Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

**BENNETT, BRICKLIN & SALTZBURG** LLP

BY:    MS3032

MICHAEL SALTZBURG, ESQUIRE
Attorney for Defendant
State Farm Mutual Automobile Ins. Co.

2

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL L. KRYCHMAN | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| | : | |
| vs. | : | |
| | : | |
| | : | NO. |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |

### NOTICE TO PLAINTIFF

TO:    Donald F. Manchel, Esquire
       **Donald F. Manchel & Associates**
       1515 Market Street
       Suite 1300
       Philadelphia, PA 19102

Please take notice that defendant, State Farm Mutual Automobile Insurance Company, by

its attorneys, Bennett, Bricklin & Saltzburg, LLP, has filed a Notice of Removal in the United States

District Court for the Eastern District of Pennsylvania removing to that Court a civil action

previously pending in the Court of Common Pleas of Philadelphia County, entitled *Michael L.*

*Krychman v. State Farm Mutual Automobile Insurance Company*, June Term, 2006 , No. 2353.

BENNETT, BRICKLIN & SALTZBURG LLP

BY:    MS3032
       MICHAEL SALTZBURG, ESQUIRE
       Attorney for Defendant
       State Farm Mutual Automobile Ins. Co.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL L. KRYCHMAN** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **NO.** |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | |

### PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA  :
                                                    §
COUNTY OF PHILADELPHIA                :

   Michael Saltzburg, Esquire, Esquire, being duly sworn according to law, deposes and says

that he is a Partner in the law firm of Bennett, Bricklin & Saltzburg, LLP, attorneys for the defendant,

State Farm Mutual Automobile Insurance Company; that he did direct the filing with the

Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of

Removal, attached hereto said filing to be made on July 21, 2006.

                                        **BENNETT, BRICKLIN & SALTZBURG** LLP

                                        BY:   MS3032
                                              MICHAEL SALTZBURG, ESQUIRE
                                              Attorney for Defendant
                                              State Farm Mutual Automobile Ins. Co.

Sworn to and subscribed
before me this 21st day
of July , 2006.

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2009

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL L. KRYCHMAN** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **NO.** |
| **STATE FARM MUTUAL AUTOMOBILE** | : | |
| **INSURANCE COMPANY** | : | |

### PROOF OF SERVICE

COMMONWEALTH OF PENNSYLVANIA :

§

COUNTY OF PHILADELPHIA                   :

  Michael Saltzburg, Esquire, Esquire, after being first duly sworn upon oath, deposes and says

that he is a Partner in the law firm of Bennett, Bricklin & Saltzburg, LLP, attorneys for the defendant,

State Farm Mutual Automobile Insurance Company, and that he did serve this 21st day of July, 2006

the aforementioned Notice to plaintiff upon the individuals named below by depositing a copy of

same in the United States Post Office box, postage pre-paid, enclosed in an envelope plainly

addressed to:

      Donald F. Manchel, Esquire
      **Donald F. Manchel & Associates**
      1515 Market Street, Suite 1300
      Philadelphia, PA 19102

      **BENNETT, BRICKLIN & SALTZBURG** LLP

     BY: MS3032
        MICHAEL SALTZBURG, ESQUIRE
        Attorney for Defendant
        State Farm Mutual Automobile Ins. Co.

Sworn to and subscribed
before me this 21st day
of July , 2006.

NOTARY PUBLIC

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
DENISE M. PATSCH, Notary Public
City of Philadelphia, Phila. County
My Commission Expires October 24, 2009

Exhibit "A"

002353

Court of Common Pleas of Philadelphia County

Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

JUNE 2006

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Michael L. Krychman | State Farm Mutual Automobile Insurance Company |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2 Canterbury Close<br>Westport, CT  06880 | 1811 Cottman Avenue<br>Philadelphia, PA  19111 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☐ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☐ Non-Jury<br>☑ Other: DECLARATORY JUDGMENT | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

1D

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? | |
|---|---|---|
| | Yes | No |
| | ☐ | ☐ |
| | ☐ | ☐ |
| | ☐ | ☐ |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Donald F. Manchel, Esquire | 1515 Market Street - Suite 1300 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 569-2100 | (215) 569-8333 | Philadelphia, PA  19102 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 3046 | |

| SIGNATURE | DATE |
|---|---|
| | |

**DONALD F. MANCHEL & ASSOCIATES**
**BY: DONALD F. MANCHEL, ESQUIRE**
**IDENTIFICATION NO. 3046**
1515 Market Street
Suite 1300
PHILADELPHIA, PA. 19102
215-569-2100

**ATTORNEY FOR PLAINTIFF**

ATTEST

JUN 2 1 2006

J. COURTNEY

Michael L. Krychman
2 Canterbury Close
Westport, CT 06880

Plaintiff

v.

**State Farm Mutual Automobile Insurance**
**Company**
1811 Cottman Avenue
Philadelphia, PA  19111

Defendant

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TERM,   **JUNE 2006**

No:
**002353**

MAR 0 5 2007

DISCOVERY DEADLINE: _____

**CIVIL ACTION COMPLAINT**
**1D – Declaratory Judgment**

``NOTICE

``You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

``YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**LAWYER REFERRAL SERVICE**
1 Reading Center
Philadelphia, PA 19107
238-6333"

``AVISO

``Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

``LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**SERVICIO DE REFERRIDO LEGAL**
1 Reading Center
Filadelfia, PA 19107
Telefono: 238-6333"

1

## CIVIL ACTION COMPLAINT

1.        Plaintiff, Michael L. Krychman, is an adult individual who resides at the above-captioned address.

2.        Defendant, State Farm Mutual Automobile Insurance Company, is a corporation licensed to issue policies of insurance in the Commonwealth of Pennsylvania.  It does business at the above-captioned address.

3.        This is an action for declaratory judgment brought pursuant to 42 Pa.C.S. § 7532, *et seq.* for the purpose of determining a question in actual controversy between the parties as more fully described herein.

4.        This controversy arises under the provisions of a policy of insurance issued by defendant, State Farm, to plaintiff, Michael L. Krychman.  A copy of the insurance policy in question, policy number 840-0885-F10-3AB, is attached hereto and is marked "Exhibit #1."

5.        The applicable section of the said policy provides as follows:

### SECTION III – UNINSURED MOTOR VEHICLE AND UNDERINSURED MOTOR VEHICLE COVERAGES

**Coverages W and W3**

We will pay damages for *bodily injury* and *insured* is legally entitled to collect from the owner or driver of an *underinsured motor vehicle*.  The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the ownership, maintenance or use of an *underinsured motor vehicle.*

The amount we will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.
. . .

**Limits of liability – Coverages W and W3**

1. The amount of coverage is shown on the declarations page under "limits of Liability – W –Each Person, Each Accident" or "Limits of Liability – W3 – Each Person, Each Accident".  Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. *"Bodily injury* to one *person"* includes all injury and damages to others resulting from this *bodily injury*.  Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

Exhibit #1, p. 18, 21.

6.      Michael Krychman applied for coverage under this policy on October 24, 1997. The application listed only one car—a Mazda MX3.  Exhibit #2.

7.      Mr. Krychman purchased a policy with $250K/$500K/$100K liability limits but with $100K/$300K Underinsured Motorist limits.  He placed his initials on the line next to the words "Initials of a Named Insured."  He also signed a waiver "rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household . . ." Exhibit #2.

8.      The Pennsylvania Motor Vehicle Financial Responsibility Law provides that one can purchase UIM/UM limits in amounts less than the liability limits by making a request in writing:

> **Request for lower limits of coverage**
>
> A named insured may request in writing the issuance of coverages under section 1731 (relating to availability, scope and amount of coverage) in amounts equal to or less than the limits of liability for bodily injury.

75 Pa.C.S. § 1734.

9.      When  plaintiff applied for and purchased the subject policy, State Farm did **not** provide Mr. Krychman with the "sign down" or "waive down" form that it customarily uses. That form contains the following language:

> **PENNSYLVANIA UNDERINSURED MOTORIST COVERAGE (Acknowledgment of Coverage selection)**
>
> Pennsylvania law requires that no motor vehicle liability insurance policy shall be delivered or issued for delivery unless coverage has been made available for bodily injury for persons who are legally entitled to recover damages from owners or operators of underinsured motor vehicles.
>
> Underinsured Motor Vehicle – Coverages W and W3 are available with limits up to $100,000 per person and $300,000 per accident or with limits up to the Bodily Injury Liability limits, whichever is higher.  Coverage W or W3 must be written at these limits unless the named insured selects lower limits or rejects the coverage entirely.  (Minimum limits are the financial responsibility limits for bodily injury liability.)

3

I acknowledge that I have been given the opportunity to purchase Underinsured Motor Vehicle overage limits up to $100,000/$300,000 or my Bodily Injury Liability limits, whichever is higher but instead:

     I select Underinsured Motor Vehicle Coverage limits of $\_\_\_\_/$\_\_\_\_ in lieu of the higher limits made available to me.

_____          _____
Signature of First Named Insured                              Date

Exhibit #3.

    10.    The Krychman policy was renewed various times.  One policy renewal from 6/1/01 to 12/10/01 listed both the original Mazda and a 2001 Mercedes C240 as insured vehicles. When this renewal took place, State Farm issued a policy with both the $250K/$500K liability limits and the $100K/$300K UIM limits. Exhibit #4.  State Farm never had Mr. Krychman sign its customary "sign down" or "waive down" form when it renewed the policy and added the second car.

    11.    On October 9, 2001, Mr. Krychman was involved in an automobile accident caused by the negligence of an underinsured motorist.

    12.    Plaintiff made an application for underinsured motorist benefits under the subject policy.

    13.    Although the subject policy purports to offer Underinsured Motorist coverage in the amount of $100,000.00 per individual and $300,000.00 per accident, defendant's failure to have Mr. Krychman elect Underinsured Motorist liability limits lower than the Bodily Injury liability limits in writing by signing State Farm's customary form renders the purported election invalid.

    14.    Plaintiff, Michael L. Krychman, files the instant Declaratory Judgment Action seeking a declaration from this court that the Underinsured Motorist liability limits are, in fact, equal to the Bodily Injury liability limits, to wit, $250,000.00 per person and $500,000.00 per accident.

4

WHEREFORE, Plaintiff, Michael L. Krychman, respectfully requests relief in the form of an order:

a. Declaring that the Underinsured Motorist liability limits are in the amount of $250,000.00 per person and $500,000.00 per accident;

b. Providing such other relief as is just and proper.

DONALD F. MANCHEL & ASSOCIATES

BY: _____
DONALD F. MANCHEL, ESQUIRE
Attorney for Plaintiff

**V E R I F I C A T I O N**

      I, Donald F. Manchel,  ESQUIRE, hereby state that I am the attorney in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements therein are made subject to the penalties of 18 PA. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: <u>June 14, 2006</u>

                               DONALD F. MANCHEL, ESQUIRE

**Exhibit "1"**

PLEASE READ YOUR POLICY CAREFULLY. IF YOU HAVE AN ACCIDENT, CONTACT YOUR STATE FARM AGENT OR ONE OF OUR CLAIM OFFICES AT ONCE. (SEE "REPORTING A CLAIM-INSURED'S DUTIES" IN THIS POLICY.)

SPECIMEN

Authorized Representative

State Farm Mutual Automobile Insurance Company, Home Office, Bloomington, Illinois

Pennsylvania Office   •   One State Farm Drive   •   Concordville, Pennsylvania 19339-0001

YOUR
STATE FARM
CAR
POLICY

SPECIMEN

Pennsylvania
Policy Form 9838.7

838.

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
### BLOOMINGTON, ILLINOIS
#### A MUTUAL COMPANY

### DEFINED WORDS
### WHICH ARE USED THROUGHOUT THE POLICY

We define some words to shorten the policy. This makes it easier to read and understand. Defined words are printed in bold face italics. *You* can pick them out easily.

*Bodily Injury* – means bodily injury to a *person* and sickness, disease or death which results from it.

*Car* – means a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include:

1. any vehicle while located for use as a dwelling or other premises; or

2. a truck-tractor designed to pull a trailer or semitrailer.

*Car Business* – means a business or job where the purpose is to sell, lease, repair, service, transport, store or park land motor vehicles or trailers.

*Insured* – means the *person*, *persons* or organization defined as *insureds* in the specific coverage. If the information *you* have provided State Farm is incorrect or incomplete, or changes during the policy period, State Farm may decrease or increase the premium during the policy period as set out in the provision titled **Premium** of the Conditions section of this policy.

*Loss* – defined in Sections II and IV.

*Newly Acquired Car* – means a *replacement car* or an *additional car*.

*Replacement Car* – means a *car* purchased by or leased to *you* or *your spouse* to replace *your car*. This policy will only provide coverage for the *replacement car* if *you* or *your spouse*:

1. tell us about it within 30 days after its delivery to *you* or *your spouse*; and

2. pay us any added amount due.

*Additional Car* – means an added *car* purchased by or leased to *you* or *your spouse*. This policy will only provide coverage for the *additional car* if:

1. it is a *private passenger car* and we insure all other *private passenger cars*; or

2. it is other than a *private passenger car* and we insure all *cars*

owned by or leased to *you* or *your spouse* on the date of its delivery to *you* or *your spouse*.

This policy provides coverage for the *additional car* only until the earlier of:

1. 12:01 A.M. Standard Time at the address shown on the declarations page on the 31st day after the delivery of the *car* to *you* or *your spouse*; or

2. the effective date and time of a policy issued by us or any other company that describes the *car* on its declarations page.

*You* or *your spouse* may apply for coverage beyond the 30th day for the *additional car*. Such coverage will be provided only if both the applicant and the vehicle are eligible for coverage at the time of application.

If a *newly acquired car* is not otherwise afforded comprehensive or collision coverage by this or any other policy, this policy will provide the comprehensive or collision coverage not otherwise provided for the *newly acquired car*. If such coverage is provided by this paragraph, it will apply until 12:01 A.M. Standard Time at the address shown on the declarations page on the

3
8387

sixth day after the delivery of the *car* to *you* or *your spouse*. Any comprehensive or collision coverage provided by this paragraph is subject to a deductible of $500.

*Non-Owned Car* – means a *car* not owned by, registered to or leased to:

  1.  *you, your spouse*;

  2.  any *relative* unless at the time of the accident or *loss*:

    a.  the *car* currently is or has within the last 30 days been insured for liability coverage; and

    b.  the driver is an *insured* who does not own or lease the *car;*

  3.  any other *person* residing in the same household as *you, your spouse* or any *relative*; or

  4.  an employer of *you, your spouse* or any *relative*.

*Non-owned car* does not include a:

  1.  rented *car* while it is used in connection with the *insured's* employment or business; or

  2.  *car* which has been operated or rented by or in the possession of an *insured* during any part of each of the last 21 or more consecutive days. The 21 day limit is multiplied by the number of vehicles described on the declarations pages of all car policies issued by us under which the *insured* is an *insured*.

A *non-owned car* must be a *car* in the lawful possession of the *person* operating it.

*Occupying* – means in, on, entering or alighting from.

*Person* – means a human being.

*Private Passenger Car* – means a *car*:

  1.  with four wheels;

  2.  of the private passenger or station wagon type; and

  3.  designed solely to carry *persons* and their luggage.

*Relative* – as used in Sections I, III, IV and V means a *person* related to *you* or *your spouse* by blood, marriage or adoption who lives with *you*. It includes *your* unmarried and unemancipated child away at school.

See Section II for definition used there.

*Serious injury* – means a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

Unless the injury sustained is a *serious injury*, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that:

  (1) An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

    (i) is convicted, or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in that accident;

    (ii) is operating a motor vehicle registered in another state;

    (iii) intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury or the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person; or

    (iv) has not maintained financial responsibility as required by Chapter 17 of Title 75 of the Pennsylvania Consolidated Statutes, provided that, nothing in this paragraph shall affect the limitation of section 1731(d)(2) of Title 75 of the Pennsylvania

Consolidated Statutes (relating to availability, scope and amount of coverage).

(2) An individual otherwise bound by the limited tort election shall retain full tort rights with respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission in the course of such business, other than a defect in a motor vehicle which is operated by such business.

(3) An individual otherwise bound by the limited tort election shall retain full tort rights if injured while an occupant of a motor vehicle other than a private passenger motor vehicle.

*Spouse* – means *your* husband or wife while living with *you*.

*Temporary Substitute Car* – means a *car* not owned by or leased to *you* or *your spouse*, if it replaces *your car* for a short time. Its use has to be with the consent of the owner. *Your car* has to be out of use due to its breakdown, repair, servicing, damage or *loss*. A *temporary substitute car* is not considered a *non-owned car*.

*Utility Vehicle* – means a motor vehicle with:

1. a pickup, panel or van body; and

2. a Gross Vehicle Weight of 10,000 pounds or less.

*You* or *Your* – means the named insured or named insureds shown on the declarations page.

*Your Car* – means a *car* or a vehicle described on the declarations page.

## DECLARATIONS CONTINUED

We, the State Farm Mutual Automobile Insurance Company, agree to insure *you* according to the terms of this policy based:

1. on *your* payment of premium for the coverages *you* chose; and

2. in reliance on *your* statements in these declarations.

*You* agree, by acceptance of this policy that:

1. the statements in these declarations are *your* statements and are true; and

2. we insure *you* on the basis *your* statements are true; and

3. this policy contains all of the agreements between *you* and us or any of our agents.

Unless otherwise stated in the exceptions space on the declarations page, *your* statements are:

1. Ownership. *You* are the sole owner(s) of *your car*.

2. Insurance and License History. Neither *you* nor any member of *your* household within the past three years has had:

   a. vehicle insurance canceled by an insurer; or

   b. a license to drive or vehicle registration suspended, revoked or refused.

3. Use. *Your car* is used for pleasure and business.

5
8387

## WHEN AND WHERE COVERAGE APPLIES

### When Coverage Applies

The coverages *you* chose apply to accidents and *losses* that take place during the policy period.

The policy period is shown under "Policy Period" on the declarations page and is for successive periods of six months each for which *you* pay the renewal premium. Payments must be made on or before the end of the current policy period. The policy period begins and ends at 12:01 A.M. Standard Time at the address shown on the declarations page.

### Where Coverage Applies

The coverages *you* chose apply:

1. in the United States of America, its territories and possessions or Canada; or

2. while the insured vehicle is being shipped between their ports.

The liability, medical payments, funeral benefits, loss of income and physical damage coverages also apply in Mexico within 50 miles of the United States border. A physical damage coverage *loss* in Mexico is determined on the basis of cost at the nearest United States point.

Death, dismemberment and loss of sight coverages apply anywhere in the world.

## FINANCED VEHICLES

If a creditor is shown in the declarations, we may pay any comprehensive or collision *loss* to:

1. *you* and, if unpaid, the repairer; or

2. *you* and such creditor, as its interest may appear, when we find it is not practical to repair *your car*; or

3. the creditor, as to its interest, if *your car* has been repossessed.

When we pay the creditor for *loss* for which *you* are not covered, we are entitled to the creditor's right of recovery against *you* to the extent of our payment. Our right of recovery shall not impair the creditor's right to recover the full amount of its claim.

The coverage for the creditor's interest only is valid until we terminate it. We will not terminate such coverage because of:

1. any act or negligence of the owner or borrower; or

2. a change in the ownership or interest unknown to us, unless the creditor knew of it and failed to tell us within 10 days; or

3. an error in the description of the vehicle.

The date of termination of the creditor's interest will be at least 10 days after the date we mail or electronically transmit the termination notice.

## REPORTING A CLAIM — INSURED'S DUTIES

**1. Notice to Us of an Accident or Loss**

The *insured* must give us or one of our agents written notice of the accident or *loss* as soon as reasonably possible. The notice must show:

a. *your* name; and

b. the names and addresses of all *persons* involved; and

c. the hour, date, place and facts of the accident or *loss*; and

d. the names and addresses of witnesses.

6
8387

**2.  Notice to Us of Claim or Suit**

If a claim or suit is made against an *insured*, that *insured* must at once send us every demand, notice or claim made and every summons or legal process received.

**3.  Other Duties Under the Physical Damage Coverages**

When there is a *loss, you* or the owner of the property also shall:

a. make a prompt report to the police when the *loss* is the result of theft or larceny.

b. protect the damaged vehicle. We will pay any reasonable expense incurred to do so.

c. show us the damage, when we ask.

d. provide all records, receipts and invoices, or certified copies of them. We may make copies.

e. answer questions under oath when asked by anyone we name, as often as we reasonably ask, and sign copies of the answers.

**4.  Other Duties Under Medical Payments, Funeral Benefits, Loss of Income, Death, Dismemberment and Loss of Sight, Uninsured Motor Vehicle and Underinsured Motor Vehicle Coverages**

The *person* making claim also shall:

a. give us all the details about the death, injury, treatment and other information we need to determine the amount payable.

b. under the uninsured motor vehicle and underinsured motor vehicle coverages:

(1) consent to be examined by physicians chosen and paid by us as often as we reasonably may require. A copy of the report will be sent to the *person* upon written request. If the *person* is dead or unable to act, his or her legal representative shall authorize us to obtain all medical reports and records.

(2) give us authorization to obtain copies of wage, tax, business or financial records, medical records or any other records necessary to determine the amount of the damages.

(3) let us see the insured *car* the *person occupied* in the accident.

(4) send us at once a copy of all suit papers if the *person* sues the party liable for the accident for damages.

c. under the uninsured motor vehicle coverage, report an accident caused by an unidentified land motor vehicle to the police as soon as practicable and to us within 30 days or as soon as practicable.

d. under the medical payments, funeral benefits, loss of income and death, dismemberment and loss of sight coverages:

(1) authorize us to obtain all medical reports and records. If the *person* is dead or unable to act, his or her legal representative shall give us the authorization; and

(2) give us proof of claim on forms we furnish unless we fail to supply them within 10 days after receiving the notice of claim.

**5.  Insured's Duty to Cooperate With Us**

The *insured* shall cooperate with us and, when asked, assist us in:

a. making settlements;

b. securing and giving evidence;

c. attending, and getting witnesses to attend, hearings and trials.

The *insured* shall not, except at his or her own cost, voluntarily:

a. make any payment or assume any obligation to others; or

b. incur any expense, other than for first aid to others.

7
8387

## SECTION I — LIABILITY — COVERAGE A

This coverage applies to the vehicles for which "A" appears in the "Coverages" space on the declarations page.

We will:

1. pay damages which an *insured* becomes legally liable to pay because of:

   a. *bodily injury* to others, and

   b. damage to or destruction of property including loss of its use,

   caused by accident resulting from the ownership, maintenance or use of *your car*; and

2. defend any suit against an *insured* for such damages with attorneys hired and paid by us. We will not defend any suit after we have paid the applicable limit of our liability for the accident which is the basis of the lawsuit.

In addition to the limits of liability, we will pay for an *insured* any costs listed below resulting from such accident.

1. Court costs of any suit for damages that we defend.

2. Interest on damages owed by the *insured* due to a judgment and accruing:

   a. after the judgment, and until we pay, offer or deposit in court the amount due under this coverage; or

   b. before the judgment, where owed by law, and until we pay, offer or deposit in court the amount due under this coverage, but only on that part of the judgment we pay.

3. Premiums or costs of bonds:

   a. to secure the release of an *insured's* property attached under a court order.

   b. required to appeal a decision in a suit for damages if we have not paid our limit of liability that applies to the suit; and

   c. up to $250 for each bail bond needed because of an accident or related traffic law violation.

   We have no duty to furnish or apply for any bonds. The amount of any bond we pay for shall not be more than our limit of liability.

4. Expenses incurred by an *insured*:

   a. for loss of wages or salary up to $100 per day if we ask the *insured* to attend the trial of a civil suit.

   b. for first aid to others at the time of the accident.

   c. at our request.

We have the right to investigate, negotiate and settle any claim or suit.

### Coverage for the Use of Other Cars

The liability coverage extends to the use, by an *insured*, of a *newly acquired car*, a *temporary substitute car* or a *non-owned car*.

### Who Is an Insured

When we refer to *your car*, a *newly acquired car* or a *temporary substitute car, insured* means:

1. *you*;

2. *your spouse*;

3. the *relatives* of the first *person* named in the declarations;

4. any other *person* while using such a *car* if its use is within the scope of consent of *you* or *your spouse*; and

5. any other *person* or organization liable for the use of such a *car* by one of the above *insureds*.

8
8387

When we refer to a *non-owned car, insured* means:

1. the first *person* named in the declarations;

2. his or her *spouse*;

3. their *relatives*; and

4. any *person* or organization which does not own or hire the *car* but is liable for its use by one of the above *persons*.

THERE IS NO COVERAGE FOR *NON-OWNED CARS*:

1. IF THE DECLARATIONS STATE THE "USE" OF ALL OF *YOUR CARS* IS OTHER THAN "PLEASURE AND BUSINESS"; OR

2. WHILE:

   a. BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSINESS*; OR

   b. USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passenger car* driven or *occupied* by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

**Trailer Coverage**

1. Trailers designed to be pulled by a *private passenger car* or a *utility vehicle*, except those trailers in 2a below, are covered while owned or used by an *insured*.

   Farm implements and farm wagons are considered trailers while pulled on public roads by a *car* we insure for liability.

   These trailers are not described in the declarations and no extra premium is charged.

2. The following trailers are covered only if described on the declarations page and extra premium is paid:

   a. those trailers designed to be pulled by a *private passenger car* or a *utility vehicle*:

(1) if designed to carry *persons*; or

(2) while used with a motor vehicle whose use is shown as "commercial" on the declarations page (trailers used only for pleasure use are covered even if not described and no extra premium paid); or

(3) while used as premises for office, store or display purposes; or

   b. any trailer not designed for use with a *private passenger car* or a *utility vehicle*.

THERE IS NO COVERAGE WHEN A TRAILER IS USED WITH A MOTOR VEHICLE OWNED OR HIRED BY *YOU* WHICH WE DO NOT INSURE FOR LIABILITY COVERAGE.

**Limits of Liability**

The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability – Coverage A – Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. *"Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

The amount of property damage liability coverage is shown on the declarations page under "Limits of Liability – Coverage A – Property Damage, Each Accident".

We will pay damages for which an *insured* is legally liable up to these amounts.

The limits of liability are not increased because more than one *person* or organization may be an *insured*.

9
8387

A motor vehicle and attached trailer are one vehicle. Therefore, the limits are not increased.

When two or more motor vehicles are insured under this section the limits apply separately to each.

**When Coverage A Does Not Apply**

In addition to the limitations of coverage in Who Is an Insured and Trailer Coverage:

THERE IS NO COVERAGE:

1. WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS:

   a. RENTED OR LEASED TO OTHERS.

   b. USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to the use on a share expense basis of:

      (1) a *private passenger car*; or

      (2) a *utility vehicle*, if all passengers are riding in that area of the vehicle designed by the manufacturer of the vehicle for carrying passengers.

   c. BEING REPAIRED, SERVICED OR USED BY ANY *PERSON* EMPLOYED OR ENGAGED IN ANY WAY IN A *CAR BUSINESS*. This does not apply to:

      (1) *you* or *your spouse*;

      (2) any *relative*;

      (3) any resident of *your* household; or

      (4) any agent, employee or partner of *you, your spouse*, any *relative* or such resident.

      This coverage is excess for (3) and (4) above.

2. FOR ANY *BODILY INJURY* TO:

   a. A FELLOW EMPLOYEE WHILE ON THE JOB AND ARISING FROM THE MAINTENANCE OR USE OF A VEHICLE BY ANOTHER EMPLOYEE IN THE EMPLOYER'S BUSINESS. *You* and *your spouse* are covered for such injury to a fellow employee.

   b. ANY EMPLOYEE OF AN *INSURED* ARISING OUT OF HIS OR HER EMPLOYMENT. This does not apply to a household employee who is not covered or required to be covered under any workers' compensation insurance.

3. FOR:

   a. THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES; OR

   b. ANY *PERSON* WHO IS AN EMPLOYEE OF THE UNITED STATES OF AMERICA OR ANY OF ITS AGENCIES, IF THE PROVISIONS OF THE FEDERAL TORT CLAIMS ACT APPLY.

4. FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN *INSURED*. But coverage applies to a rented:

   a. residence; or

   b. private garage

   damaged by a *car* we insure.

5. FOR ANY OBLIGATION OF AN *INSURED*, OR HIS OR HER INSURER, UNDER ANY TYPE OF WORKERS' COMPENSATION OR DISABILITY OR SIMILAR LAW.

6. FOR LIABILITY ASSUMED BY THE *INSURED* UNDER ANY CONTRACT OR AGREEMENT.

7. TO THE EXTENT THE LIMITS OF LIABILITY OF THIS POLICY EXCEED THE LIMITS OF LIABILITY REQUIRED BY LAW WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS OPERATED IN, IS ENGAGED IN PRACTICE FOR, OR IS

10
8387

BEING PREPARED FOR ANY RAC-
ING OR SPEED CONTEST. This does
not apply while the vehicle is operated on
public roads.

**If There Is Other Liability Coverage**

1. **Policies Issued by Us to You, Your Spouse,
   or Any Relative**

   If two or more vehicle liability coverages
   provided by us to *you, your spouse*, or any
   *relative* apply to the same accident, the total
   limits of liability under all such coverages
   shall not exceed that of the coverage with the
   highest limit of liability.

2. **Other Liability Coverage Available From
   Other Sources**

   Subject to item 1, if other vehicle liability
   coverage applies, we are liable only for our
   share of the damages. Our share is the per
   cent that the limit of liability of this policy
   bears to the total of all vehicle liability cov-
   erage applicable to the accident.

3. **Temporary Substitute Car, Non-Owned
   Car, Trailer**

   If a *temporary substitute car*, a *non-owned
   car* or a trailer designed for use with a *private
   passenger car* or *utility vehicle:*

   a. has other vehicle liability coverage on it,
      or

   b. is self-insured under any motor vehicle
      financial responsibility law, a motor car-
      rier law or any similar law,

   then this coverage is excess over such insur-
   ance or self-insurance.

4. **Newly Acquired Car**

   THIS COVERAGE DOES NOT APPLY IF
   THERE IS OTHER VEHICLE LIABILITY
   COVERAGE ON A *NEWLY ACQUIRED
   CAR*.

**Motor Vehicle Compulsory Insurance Law
or Financial Responsibility Law**

1. **Out-of-State Coverage**

   If an *insured* under the liability coverage is
   in another state or Canada and, as a non-resi-
   dent, becomes subject to its motor vehicle
   compulsory insurance, financial responsibil-
   ity or similar law:

   a. the policy will be interpreted to give the
      coverage required by the law; and

   b. the coverage so given replaces any cov-
      erage in this policy to the extent required
      by the law for the *insured's* operation,
      maintenance or use of a *car* insured under
      this policy.

   Any coverage so extended shall be reduced
   to the extent other coverage applies to the
   accident. In no event shall a *person* collect
   more than once.

2. **Financial Responsibility Law**

   When certified under any law as proof of
   future financial responsibility, and while re-
   quired during the policy period, this policy
   shall comply with such law to the extent
   required. The *insured* agrees to repay us for
   any payment we would not have had to make
   under the terms of this policy except for this
   agreement.

11
8387

# SECTION II — FIRST PARTY COVERAGES

The coverages under this section are provided in accordance with and subject to the Pennsylvania Motor Vehicle Financial Responsibility Act, as amended.

## MEDICAL PAYMENTS – COVERAGE C2

This coverage applies to the vehicles for which "C2" appears in the "Coverages" space on the declarations page.

### What We Pay

We will pay for medical expenses for *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle.*

Medical expenses – these are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;

2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;

3. medications, medical supplies and prosthetic devices; and

4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1. if incurred within 18 months from the date of the accident causing the *bodily injury;* or

2. without limitation as to time, provided that, within 18 months from the date of the accident causing the *bodily injury,* it can be determined with reasonable medical probability that further expenses may be incurred as a result of the *bodily injury.*

The amount we will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

## EXTRAORDINARY MEDICAL PAYMENTS – COVERAGE Q

This coverage applies to the vehicles for which "Q" appears in the "Coverages" space on the declarations page.

### What We Pay

We will pay up to the lifetime aggregate limit of $1,000,000 for those reasonable medical expenses which exceed $100,000. The medical expense must be for *bodily injury* to an *insured* caused by accident arising out of the maintenance or use of a *motor vehicle.*

Medical expenses – these are expenses incurred for reasonable and necessary medical treatment and rehabilitation services. This includes expenses for:

1. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, nursing and optometric services;

2. licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology;

3. medications, medical supplies and prosthetic devices; and

4. nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

Medical expenses will be paid:

1. if incurred within 18 months from the date of the accident causing the *bodily injury;* or

2. without limitation as to time, provided that within 18 months from the date of the accident causing the *bodily injury,* it can be determined with reasonable medical probability that further expenses may be incurred as a result of the *bodily injury.*

12
8387

The most we will pay in any 12 month period beginning 18 months after the date the *insured's* reasonable medical expenses exceed $100,000 as a result of the *bodily injury* is $50,000.

These expenses must be:

1. for:

   a. services performed, or

   b. medical supplies, medication or drugs prescribed

   by a medical provider licensed by the state to provide the specific medical services; and

2. for diagnosis, direct care or treatment of the *bodily injury*. The diagnosis, direct care or treatment must be:

   a. within the standards of good medical practice, and

   b. not primarily for the convenience of the patient or medical provider.

We have the right to make or obtain an independent review of the medical expenses and services performed to determine if they are reasonable and necessary for the *bodily injury* sustained.

The amount we will pay for medical expenses is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes:

REASONABLE MEDICAL EXPENSES DO NOT INCLUDE EXPENSES FOR TREATMENT, SERVICES, PRODUCTS OR PROCEDURES THAT ARE:

1. FOR RESEARCH, OR NOT PRIMARILY DESIGNED TO SERVE A MEDICAL OR REHABILITATIVE PURPOSE; OR

2. NOT COMMONLY AND CUSTOMARILY RECOGNIZED THROUGHOUT THE MEDICAL PROFESSIONS AND WITHIN THE UNITED STATES AS APPROPRIATE FOR THE TREATMENT OF THE *BODILY INJURY*.

## LOSS OF INCOME – COVERAGE Z

This coverage applies to the vehicles for which "Z" with a number beside it appears in the "Coverages" space on the declarations page. "Z" with a number beside it is *your* coverage symbol. Check *your* coverage symbol with the schedule for the limits *you* have chosen.

We will pay income loss benefits with respect to *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*. Income loss benefits are:

1. 80% of the *insured's* actual loss of gross income from work the *insured* would have performed except for the *bodily injury*;

2. reasonable expenses actually incurred for:

   a. hiring a substitute to perform self-employment services to reduce loss of gross income; or

   b. hiring special help thereby enabling the *insured* to work and reduce loss of gross income.

Income loss benefits do not include:

1. loss of expected income for any period following the death of an *insured*;

2. expenses incurred for services performed following the death of an *insured*; or

3. any loss of income during the first five working days the *insured* did not work after the accident because of the *bodily injury*.

### SCHEDULE – COVERAGE Z

| Coverage Symbol | Maximum Payable Per Month | Total Maximum Benefits |
|---|---|---|
| Z1 | $1,000 | $ 5,000 |
| Z2 | 1,000 | 15,000 |
| Z3 | 1,500 | 25,000 |
| Z4 | 2,500 | 50,000 |

13
8387

## DEATH, DISMEMBERMENT AND LOSS OF SIGHT – COVERAGE Y

This coverage applies to the vehicles for which "Y" with a number beside it appears in the "Coverages" page on the declarations page. "Y" with a number beside it is *your* coverage symbol. Check *your* coverage symbol with the schedule for the limits *you* have chosen.

We will pay the amount shown in the schedule that applies for death of, or *loss* to, an *insured* arising out of the maintenance or use of a *motor vehicle*. The death or *loss* must be the direct result of the accident and not due to any other cause. The death must occur within 24 months from the date of the accident. If the death occurs within 24 hours after the accident, we will pay only the amount that applies to death. *Loss* must occur within 90 days of the accident.

*Loss* – means the *loss* of:

1. the foot or hand, cut off through or above the ankle or wrist; or

2. the whole thumb or finger; or

3. all sight.

### Schedule – Coverage Y

| Coverage Symbol | Y1 | Y2 | Y3 |
|---|---|---|---|
| Death | $5,000 | $10,000 | $25,000 |
| *Loss* of: hands; feet; sight of eyes; one hand & one foot; or one hand or one foot & sight of one eye | 5,000 | 10,000 | 25,000 |
| one hand or one foot; or sight of one eye | 2,500 | 5,000 | 12,500 |
| thumb & finger on one hand; or three fingers | 1,500 | 3,000 | 7,500 |
| any two fingers | 1,000 | 2,000 | 5,000 |

**Payments of Benefits – Coverage Y**

The death benefit shall be paid to the executor or administrator of the *insured's* estate.

### FUNERAL BENEFITS – COVERAGE F

This coverage applies to the vehicles for which "F" appears in the "Coverages" space on the declarations page.

We will pay for funeral expenses directly related to the funeral, burial, cremation or other form of disposition of the remains of an *insured*. The death must be the result of the accident. The expenses must be incurred within 24 months from the date of the accident.

**Definitions – Coverages C2, Q, Z, Y and F**

*Bodily Injury* – means accidental bodily harm to a *person* and that *person's* resulting illness, disease or death.

*First Party Benefits* – means benefits paid or payable to an *insured* under Coverages C2, Q, Z, Y or F.

*Insured* – means:

1. *you* or any *relative*;

2. any other *person*:

   a. *occupying your car* or a *newly acquired car*; or

   b. not *occupying* a *motor vehicle* if injured as the result of an accident involving *your car*, or a *newly acquired car*. A parked and unoccupied *motor vehicle* is not a *motor vehicle* involved in the accident unless it was parked so as to cause unreasonable risk of injury.

*Motor Vehicle* – means a vehicle which is self-propelled except one which is propelled:

1. solely by human power; or

2. upon rails.

14
8387

*Relative* – means:

1. *your* spouse;

2. anyone related to *you* by blood, marriage or adoption; and

3. a minor in the custody of *you, your spouse* or a *relative*

resident in *your* household, even if temporarily residing elsewhere.

### Limits of Liability – Coverage C2

The amount of coverage for medical expenses is shown on the declarations page under "Limit of Liability – Coverage C2 – Each Person".

### Limits of Liability – Coverage Z

The most we will pay an *insured* for income loss benefits per month and in the aggregate are shown in the coverage Z schedule next to *your* coverage symbol.

### Limits of Liability – Coverage Y

The amount we will pay because of the death of the *insured* is shown under *your* coverage symbol in the Coverage Y schedule. The maximum amount payable to an *insured* for all *loss*, as shown in the schedule, shall not exceed the death benefit amount shown for *your* coverage symbol.

The amount shown in the schedule for death of or *loss* to the *insured* is doubled if an *insured* who, at the time of the accident, is using the vehicle's complete restraint system as recommended by the vehicle's manufacturer.

### Limits of Liability – Coverage F

The amount of coverage for funeral expenses is shown on the declarations page under "Limit of Liability – Coverage F – Each Person".

### Limits of Liability – Coverages C2, Q, Z, Y and F

These coverages are excess over, but shall not duplicate, any amount paid or payable to or for the *insured* under any workers' compensation law.

### Priorities for the Payment of First Party Benefits

1. When more than one policy applies, the *person* who suffers *bodily injury* shall recover *first party benefits* against applicable insurance coverage in the following order of priority:

    a. The policy on which the *person* is a named insured.

    b. The policy providing coverage because the *person* is residing in the household of a named insured and is:

        (1) a spouse or other relative of a named insured; or

        (2) a minor in the custody of either a named insured or a relative of a named insured.

    c. The policy covering the *motor vehicle* occupied by the injured *person* at the time of the accident.

    d. For a *person* who is not the occupant of a *motor vehicle*, the policy on any *motor vehicle* involved in the accident. A parked and unoccupied *motor vehicle* is not a *motor vehicle* involved in the accident unless it was parked so as to cause unreasonable risk of injury.

2. THIS POLICY DOES NOT APPLY IF THERE IS ANOTHER POLICY AT A HIGHER PRIORITY LEVEL. Item a. above is considered the highest priority. Item d. is the lowest priority.

3. Subject to the above, if an *insured* is entitled to *first party benefits* under more than one coverage, the maximum recovery under all coverages for any *first party benefit* will not exceed the amount payable under the coverage with the highest limit of liability for that *first party benefit*.

15
8387

**When Coverages C2, Q, Z, Y and F Do Not Apply**

THERE IS NO COVERAGE FOR *BODILY INJURY*:

1. TO ANY *PERSON* WHOSE CONDUCT CONTRIBUTED TO HIS OR HER *BODILY INJURY* IN ANY OF THE FOLLOWING WAYS:

    a. WHILE INTENTIONALLY INJURING OR ATTEMPTING TO INJURE HIMSELF, HERSELF OR ANOTHER;

    b. WHILE COMMITTING A FELONY; OR

    c. WHILE SEEKING TO ELUDE LAWFUL APPREHENSION OR ARREST BY A LAW ENFORCEMENT OFFICIAL.

2. TO ANY *PERSON* WHO KNOWINGLY CONVERTS A *MOTOR VEHICLE* if the *bodily injury* arises out of the maintenance or use of the converted vehicle. This does not apply to *you* or any *relative*.

3. TO ANY *PERSON* WHO OWNS A CURRENTLY REGISTERED *MOTOR VEHICLE* AND DOES NOT HAVE THE REQUIRED FINANCIAL RESPONSIBILITY, EVEN IF THAT *PERSON* IS *OCCUPYING* OR STRUCK BY A *MOTOR VEHICLE* FOR WHICH FINANCIAL RESPONSIBILITY IS PROVIDED. This does not apply to *you* or *your spouse* while *occupying* a vehicle insured under the liability coverage of this policy or when struck as a pedestrian.

4. TO ANY *PERSON* WHILE OPERATING OR *OCCUPYING*:

    a. A RECREATIONAL VEHICLE NOT INTENDED FOR HIGHWAY USE; OR

    b. A MOTORCYCLE, MOTOR-DRIVEN CYCLE, MOTORIZED PEDALCYCLE OR LIKE TYPE VEHICLE REQUIRED TO BE REGISTERED UNDER TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES.

**Mental or Physical Examination**

Whenever the mental or physical condition of a *person* is material to any claim for medical expenses or income loss benefits, a court of competent jurisdiction may order the *person* to submit to mental or physical examination by a physician. If a *person* fails to comply with the order, the court may order that the *person* be denied benefits until he or she complies.

**COMBINED BENEFITS – COVERAGE M**

This coverage applies to the vehicles for which "M" appears in the "Coverages" space on the declarations page.

**What We Pay**

We will pay for *bodily injury* to an *insured* arising out of the maintenance or use of a *motor vehicle*:

1. Medical expenses as payable under Coverage C2;

2. Income loss benefits as payable under Coverage Z;

3. The benefits as payable under Coverage Y3; and

4. Funeral expenses as payable under Coverage F.

**Limits of Liability**

1. The aggregate limit of liability is shown on the declarations page under "Limit of Liability – Coverage M – Each Person". This is the maximum amount payable for *bodily injury* to an *insured* as the result of an accident.

16
8387

2. The most we will pay to or for an *insured* is as follows:

| Benefit | Limit |
|---|---|
| Medical Expenses | Up to the Aggregate Limit |
| Income Loss | Up to the Aggregate Limit |
| Death | $25,000 |
| Funeral Expenses | Up to $2,500 |

3. Any amount payable for medical expenses greater than $100,000 shall be excess over any amount paid or payable under Extraordinary Medical Payments – Coverage Q.

**Time Limitation**

Subject to the limit of liability:

1. benefits are only payable for expenses and loss incurred up to three years from the date of the accident.

2. the death benefit is payable only if death occurs within three years of the date of the accident.

**Other Provisions**

Except as amended above, all provisions relating to Coverages C2, Z, Y and F apply to expense, loss or death benefits of Coverage M.

17
8387

# SECTION III — UNINSURED MOTOR VEHICLE AND UNDERINSURED MOTOR VEHICLE COVERAGES

## UNINSURED MOTOR VEHICLE – COVERAGES U (STACKING OPTION) AND U3 (NON-STACKING OPTION)

Uninsured Motor Vehicle – Coverage U applies to the vehicles for which "U" appears in the "Coverages" space on the declarations page.

Uninsured Motor Vehicle – Coverage U3 applies to the vehicles for which "U3" appears in the "Coverages" space on the declarations page.

### Coverages U and U3

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the ownership, maintenance or use of an *uninsured motor vehicle*.

The amount we will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

*Uninsured Motor Vehicle* – means:

1. a land motor vehicle, the ownership, maintenance or use of which is:

    a. not insured or bonded for bodily injury liability at the time of the accident; or

    b. insured or bonded for bodily injury liability at the time of the accident; but

       (1) the limits of liability are less than required by the financial responsibility act of the state where *your car* is mainly garaged; or

       (2) the insuring company denies coverage or is or becomes insolvent; or

2. an unidentified land motor vehicle whose owner or driver remains unknown and causes *bodily injury* to the *insured*.

An *uninsured motor vehicle* does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of *you, your spouse* or any *relative;*

3. owned or operated by a self-insurer under any motor vehicle financial responsibility law, a motor carrier law or any similar law;

4. owned by any government or any of its political subdivisions or agencies;

5. designed for use mainly off public roads except while on public roads; or

6. while located for use as a dwelling or other premises.

## UNDERINSURED MOTOR VEHICLE – COVERAGES W (STACKING OPTION) AND W3 (NON-STACKING OPTION)

Underinsured Motor Vehicle – Coverage W applies to the vehicles for which "W" appears in the "Coverages" space on the declarations page.

Underinsured Motor Vehicle – Coverage W3 applies to the vehicles for which "W3" appears in the "Coverages" space on the declarations page.

### Coverages W and W3

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *underinsured motor vehicle*. The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the ownership, maintenance or use of an *underinsured motor vehicle*.

The amount we will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

18
8387

THERE IS NO COVERAGE FOR *BODILY INJURY* ARISING OUT OF THE OWNERSHIP, MAINTENANCE OR USE OF AN *UNDERINSURED MOTOR VEHICLE* UNTIL:

1. THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS TO OTHER *PERSONS;* OR

2. SUCH LIMITS OF LIABILITY OR REMAINING PART OF THEM HAVE BEEN OFFERED TO THE *INSURED* IN WRITING.

*Underinsured Motor Vehicle* – means a land motor vehicle:

1. the ownership, maintenance or use of which is insured or bonded for bodily injury liability at the time of the accident; and

2. whose limits of liability for bodily injury liability:

    a. are less than the amount of the *insured's* damages; or

    b. have been reduced by payments to *persons* other than the *insured* to less than the amount of the *insured's* damages.

An *underinsured motor vehicle* does not include a land motor vehicle:

1. insured under the liability coverage of this policy;

2. furnished for the regular use of *you, your spouse* or any *relative;*

3. owned by any government or any of its political subdivisions or agencies;

4. while located for use as a dwelling or other premises;

5. designed for use mainly off public roads except while on public roads; or

6. defined as an *uninsured motor vehicle* in *your* policy.

19
8387

## Who Is an Insured – Coverages U, U3, W and W3

*Insured* – means the *person* or *persons* covered by uninsured motor vehicle or underinsured motor vehicle coverage.

This is:

1. the first *person* named in the declarations;

2. his or her *spouse;*

3. their *relatives;* and

4. any other *person* while *occupying:*

    a. *your car,* a *temporary substitute car,* or a trailer attached to such a *car.* Such other *person* is an *insured* only under the coverage applicable to the vehicle which that *person* was *occupying* and such *person* is not an *insured* under the coverage applicable to any other vehicle insured by this policy. Such vehicle has to be used within the scope of the consent of *you* or *your spouse.*

    b. a *newly acquired car* or a trailer attached to such a *car.* If the *newly acquired car* is a *replacement car,* such other *person* is an *insured* only under the coverage applicable to the vehicle that was replaced. If the *newly acquired car* is an *additional car,* such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse.* Such *car* has to be used within the scope of the consent of *you* or *your spouse.*

    c. a *car* not owned by or leased to *you, your spouse* or any *relative,* or a trailer attached to such a *car.* It has to be driven by the first *person* named in the declarations or that *person's spouse* and within the scope of the owner's consent. Such other *person* is an *insured* only under the coverage applicable to any one vehicle insured by this policy or any other policy issued by us to *you* or *your spouse.*

Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured*.

5. any *person* entitled to recover damages because of *bodily injury* to an *insured* under 1 through 4 above.

**Deciding Fault and Amount – Coverages U, U3, W and W3**

Two questions must be decided by agreement between the *insured* and us:

1. Is the *insured* legally entitled to collect compensatory damages from the owner or driver of an *uninsured motor vehicle* or *underinsured motor vehicle*; and

2. If so, in what amount?

If there is no agreement, these two questions shall be decided by arbitration at the request of the *insured* or us. The arbitrators' decision shall be limited to these two questions. The arbitrators shall not award damages under this policy which are in excess of the limits of liability of this coverage as shown on the declarations page. The Pennsylvania Arbitration Act of 1927 shall apply.

Each party shall select a competent arbitrator. These two shall select a competent and impartial third arbitrator. If unable to agree on a third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the *insured* resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall apply.

We have the right to obtain statements under oath from the *insured* as often as we reasonably ask.

Arbitration shall not be a means of settlement to decide:

1. any form of interpolicy or intrapolicy stacking;

2. selection of coverage option, or waiver of such coverage;

3. determination of residency in defining who is or is not an insured under these coverages;

4. statutes of limitation; or

5. determination of whether a claimant is an insured under these coverages.

Either party may stay arbitration or execution of an arbitration award until final resolution of whether an issue is properly subject to arbitration.

**Payment of Any Amount Due – Coverages U, U3, W and W3**

We will pay any amount due:

1. to the *insured;*

2. to a parent or guardian if the *insured* is a minor or an incompetent *person;*

3. to the surviving *spouse;* or

4. to a *person* authorized by law to receive such payment.

**Trust Agreement – Coverages U and U3**

1. We are entitled to repayment of the amount we have paid from the proceeds of any recovery the *insured* makes from any party liable for the *bodily injury.*

2. If the *insured* has not recovered from the party at fault, he or she shall:

   a. keep these rights in trust for us;

   b. execute any legal papers we need; and

   c. when we ask, take action through our representative to recover our payments.

We are to be repaid our payments, costs and fees of collection out of any recovery.

20
8387

**Trust Agreement – Coverages W and W3**

1. We are entitled, to the extent of our payments, to the proceeds of any settlement the *insured* recovers from any party liable for the *bodily injury*, other than payments from bodily injury liability bonds or policies made prior to our payment.

2. If the *insured* has not been fully compensated for the *bodily injury* by the party at fault and we make payment for the *bodily injury*, the *insured* shall:

   a. keep these rights in trust for us;

   b. execute any legal papers we need; and

   c. when we ask, take action through our representative to recover the amount of our payments.

We are to be repaid our payments, costs and fees of collection out of any such recovery.

**Limits of Liability – Coverages U and U3**

1. The amount of coverage is shown on the declarations page under "Limits of Liability – U – Each Person, Each Accident" or "Limits of Liability – U3 – Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

2. Any payment made to a *person* under this coverage shall reduce any amount payable to that *person* under the bodily injury liability coverage.

3. The limits of liability are not increased because:

   a. more than one *person* is insured at the time of the accident; or

   b. more than one *uninsured motor vehicle* is involved in the same accident.

4. Any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured*:

   a. by or for any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or

   b. for the *bodily injury* under the liability coverage.

5. This coverage shall be excess over and shall not pay again any amount paid or payable to or for the *insured* under any workers' compensation, disability benefits or similar law.

**Limits of Liability – Coverage U3**

1. If there is more than one vehicle insured under this policy, the maximum limit of liability available is:

   a. the limit applicable to the vehicle that was involved in the accident while *occupying your car;*

   b. the limit applicable to the vehicle that was replaced while *occupying* a *replacement car;* or

   c. the limit applicable to any one vehicle insured under this policy while injured as a pedestrian or injured while *occupying* a *temporary substitute car, non-owned car* or an *additional car.*

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

**Limits of Liability – Coverages W and W3**

1. The amount of coverage is shown on the declarations page under "Limits of Liability – W – Each Person, Each Accident" or "Limits of Liability – W3 – Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages due to *bodily injury* to one *person*. "*Bodily injury* to one *person*" includes all injury and damages to others resulting from this *bodily injury*. Under "Each Accident" is the total amount of coverage, subject to the

amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

2. The limits of liability are not increased because:

   a. more than one *person* is insured at the time of the accident; or

   b. more than one *underinsured motor vehicle* is involved in the same accident.

3. The most we pay will be the lesser of:

   a. the difference between the amount of the *insured's* damages for *bodily injury*, and the amount paid to the *insured* by or for any *person* or organization who is or may be held legally liable for the *bodily injury*; or

   b. the limits of liability of this coverage.

4. This coverage shall be excess over and shall not pay again any amount paid or payable to or for the *insured* under any workers' compensation, disability benefits or similar law.

## Limits of Liability – Coverage W3

1. If there is more than one vehicle insured under this policy, the  maximum limit of liability available is:

   a. the limit applicable to the vehicle that was involved in the accident while *occupying your car;*

   b. the limit applicable to the vehicle that was replaced while *occupying* a *replacement car;* or

   c. the limit applicable to any one vehicle insured under this policy while injured as a pedestrian or injured while *occupying* a *temporary substitute car, non-owned car* or an *additional car.*

2. The limits of liability are not increased because more than one vehicle is insured under this policy.

## When Coverages U, U3, W and W3 Do Not Apply

1. THERE IS NO COVERAGE UNDER COVERAGES U, U3, W AND W3:

   a. FOR ANY *INSURED* WHO, WITHOUT OUR WRITTEN CONSENT, SETTLES WITH ANY *PERSON* OR ORGANIZATION WHO MAY BE LIABLE FOR THE *BODILY INJURY* AND THEREBY IMPAIRS OUR RIGHT TO RECOVER OUR PAYMENTS.

   b. TO THE EXTENT IT BENEFITS:

      (1) ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS INSURANCE COMPANY.

      (2) A SELF-INSURER UNDER ANY WORKERS' COMPENSATION, OR DISABILITY BENEFITS OR SIMILAR LAW.

   c. FOR PAIN, SUFFERING OR OTHER NONMONETARY DAMAGES SUSTAINED BY AN *INSURED* IF THE *BODILY INJURY* IS NOT A *SERIOUS INJURY* AND THE LIMITATION OF SECTION 1731(d)(2) OF TITLE 75 OF THE PENNSYLVANIA CONSOLIDATED STATUTES APPLIES.

2. THERE IS NO COVERAGE FOR *BODILY INJURY* TO AN *INSURED* UNDER COVERAGE U WHILE *OCCUPYING* A MOTOR VEHICLE OWNED BY OR LEASED TO THAT *INSURED* IF THE VEHICLE IS NOT INSURED FOR UNINSURED MOTOR VEHICLE COVERAGE UNDER THIS POLICY OR ANY OTHER POLICY.

3. THERE IS NO COVERAGE FOR *BODILY INJURY* TO AN *INSURED* UNDER COVERAGE U3:

   a. WHILE *OCCUPYING* A MOTOR VEHICLE OWNED BY OR LEASED TO *YOU, YOUR SPOUSE* OR ANY *RELATIVE* IF IT IS NOT INSURED FOR

22
8387

THIS COVERAGE UNDER THIS POL-
ICY; OR

b. THROUGH BEING STRUCK BY A
MOTOR VEHICLE OWNED BY OR
LEASED TO *YOU, YOUR SPOUSE*
OR ANY *RELATIVE*.

4. THERE IS NO COVERAGE FOR *BODILY
INJURY* TO AN *INSURED* UNDER COV-
ERAGE W WHILE *OCCUPYING* A MO-
TOR VEHICLE OWNED BY OR LEASED
TO THAT *INSURED* IF THE VEHICLE IS
NOT INSURED FOR UNDERINSURED
MOTOR VEHICLE COVERAGE UNDER
THIS POLICY OR ANY OTHER POLICY.

5. THERE IS NO COVERAGE FOR *BODILY
INJURY* TO AN *INSURED* UNDER COV-
ERAGE W3:

a. WHILE *OCCUPYING* A MOTOR VE-
HICLE OWNED BY OR LEASED TO
*YOU, YOUR SPOUSE* OR ANY *RELA-
TIVE* IF IT IS NOT INSURED FOR
THIS COVERAGE UNDER THIS POL-
ICY; OR

b. THROUGH BEING STRUCK BY A
MOTOR VEHICLE OWNED BY OR
LEASED TO *YOU, YOUR SPOUSE*
OR ANY *RELATIVE*.

**If There Is Other Coverage – Coverage U**

1. If uninsured motor vehicle coverage for *bod-
ily injury* is available to an *insured* from
more than one policy provided by us or any
other insurer, any coverage applicable:

a. under this policy shall apply on a pri-
mary basis if the *insured* sustains *bodily
injury* while not *occupying* a motor ve-
hicle or trailer.

b. to the vehicle covered under this policy
which the *insured* was *occupying* when
the *bodily injury* was sustained shall ap-
ply on a primary basis. Any other cover-
age provided by this policy shall apply on
an excess basis

c. under this policy shall apply on an excess
basis if the *insured* sustains *bodily in-
jury* while *occupying* a vehicle other
than *your car*.

2. Subject to item 1 above, if this policy and one
or more other policies provide coverage for
*bodily injury*:

a. on a primary basis, we are liable only for
our share. Our share is that percent of the
damages payable on a primary basis that
the limit of liability of this coverage bears
to the total of all applicable uninsured mo-
tor vehicle coverage on a primary basis.

b. on an excess basis, we are liable only for
our share. Our share is that percent of the
damages payable on an excess basis that
the limit of liability of this coverage bears
to the total of all applicable uninsured
motor vehicle coverage provided on an
excess basis.

**If There Is Other Coverage – Coverage U3**

1. If uninsured motor vehicle coverage for *bod-
ily injury* is available to an *insured* from
more than one policy provided by us or any
other insurer, the total limits of liability
available from all coverages provided by all
insurers shall not exceed the limit of liability
applicable to the coverage with the highest
limit of liability. This is the most that will
be paid regardless of the number of policies
involved, *persons* covered, claims made, ve-
hicles or premiums shown on the declara-
tions page, premiums paid or vehicles
involved in the accident.

2. Subject to 1 above, any coverage applicable
under this policy shall apply:

a. on a primary basis if the *insured* sustains
*bodily injury* while *occupying your car,*
or while not *occupying* a motor vehicle
or trailer.

b. on an excess basis if the *insured* sustains
*bodily injury* while *occupying* a vehicle
not owned by or leased to *you, your
spouse* or any *relative*.

23
8387

3. Subject to items 1 and 2 above, if this policy and one or more other policies provide coverage for *bodily injury*:

   a. on a primary basis, we are liable only for our share. Our share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage provided on a primary basis.

   The total damages payable from all policies that apply on a primary basis shall not exceed the limit of liability of the coverage providing the highest limit of liability on a primary basis.

   b. on an excess basis, we are liable only for our share. Our share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable uninsured motor vehicle coverage provided on an excess basis.

   The total damages payable from all policies that apply on an excess basis shall not exceed the amount by which the limit of liability of the single policy providing the highest limit of liability on an excess basis exceeds the limit of liability of the coverage providing the highest limit of liability on a primary basis.

4. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER UNINSURED MOTOR VEHICLE COVERAGE ON A *NEWLY ACQUIRED CAR.*

**If There Is Other Coverage – Coverage W**

1. If underinsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by us or any other insurer, any coverage applicable:

   a. under this policy shall apply on a primary basis if the *insured* sustains *bodily injury* while not *occupying* a motor vehicle or trailer.

   b. to the vehicle covered under this policy which the *insured* was *occupying* when the *bodily injury* was sustained shall apply on a primary basis. Any other coverage provided by this policy shall apply on an excess basis.

   c. under this policy shall apply on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle other than *your car.*

2. Subject to item 1 above, if this policy and one or more other policies provide coverage for *bodily injury*:

   a. on a primary basis, we are liable only for our share. Our share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all applicable underinsured motor vehicle coverage on a primary basis.

   b. on an excess basis, we are liable only for our share. Our share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable underinsured motor vehicle coverage provided on an excess basis.

**If There Is Other Coverage – Coverage W3**

1. If underinsured motor vehicle coverage for *bodily injury* is available to an *insured* from more than one policy provided by us or any other insurer, the total limits of liability available from all coverages provided by all insurers shall not exceed the limit of liability applicable to the coverage with the highest limit of liability. This is the most that will be paid regardless of the number of policies involved, *persons* covered, claims made, vehicles or premiums shown on the declarations page, premiums paid or vehicles involved in the accident.

2. Subject to 1 above, any coverage applicable under this policy shall apply:

   a. on a primary basis if the *insured* sustains *bodily injury* while *occupying your car,*

24
8387

or while not *occupying* a motor vehicle or trailer.

b. on an excess basis if the *insured* sustains *bodily injury* while *occupying* a vehicle not owned by or leased to *you, your spouse* or any *relative*.

3. Subject to items 1 and 2 above, if this policy and one or more other policies provide coverage for *bodily injury:*

a. on a primary basis, we are liable only for our share. Our share is that percent of the damages payable on a primary basis that the limit of liability of this coverage bears to the total of all applicable underinsured motor vehicle coverage provided on a primary basis.

The total damages payable from all policies that apply on a primary basis shall not exceed the limit of liability of the coverage providing the highest limit of liability on a primary basis.

b. on an excess basis, we are liable only for our share. Our share is that percent of the damages payable on an excess basis that the limit of liability of this coverage bears to the total of all applicable underinsured

motor vehicle coverage provided on an excess basis.

The total damages payable from all policies that apply on an excess basis shall not exceed the amount by which the limit of liability of the single policy providing the highest limit of liability on an excess basis exceeds the limit of liability of the coverage providing the highest limit of liability on a primary basis.

4. THIS COVERAGE DOES NOT APPLY IF THERE IS OTHER UNDERINSURED MOTOR VEHICLE COVERAGE ON A *NEWLY ACQUIRED CAR.*

**Consent to Be Bound – Coverages U, U3, W and W3**

Any judgment for damages arising out of a suit brought without our written consent is not binding on us unless we:

1. receive reasonable notice of the pendency of the suit resulting in the judgment; and

2. have a reasonable opportunity to protect our interest in the suit.

# SECTION IV — PHYSICAL DAMAGE COVERAGES

*Loss* – means, when used in this section, each direct and accidental loss of or damage to:

1. *your car*;

2. its equipment which is common to the use of *your car* as a vehicle;

3. clothes and luggage insured; and

4. a detachable living quarters attached or removed from *your car* for storage. Detachable living quarters includes its body and items securely fixed in place as a permanent part of the body. *You* must have told us about the living quarters before the *loss* and paid any extra premium needed.

## COMPREHENSIVE – COVERAGE D.

This coverage applies to the vehicles for which "D" appears in the "Coverages" space on the declarations page. If a deductible applies, the amount is shown on the declarations page for the vehicle to which it applies.

1. Loss to Your Car. We will pay for *loss* to *your car* EXCEPT *LOSS* BY *COLLISION* but only for the amount of each such *loss* in excess of the deductible amount, if any. If we offer to pay for the repair of damaged windshield glass instead of the replacement of the windshield and *you* agree to have such repair made, we will pay the full cost of repairing the windshield glass regardless of *your* deductible.

   Breakage of glass, or *loss* caused by missiles, falling objects, fire, theft, larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion, is payable under this coverage. *Loss* due to hitting or being hit by a bird or an animal is payable under this coverage.

2. We will repay *you* for transportation costs if *your car* is stolen. We will pay up to $16 per day for the period that begins 48 hours after *you* tell us of the theft. The period ends when we offer to pay for the *loss*.

## COLLISION – COVERAGE G.

This coverage applies to the vehicles for which "G" appears in the "Coverages" space on the declarations page. The deductible amount is shown on the declarations page for the vehicle to which it applies.

We will pay for *loss* to *your car* caused by *collision* but only for the amount of each such *loss* in excess of the deductible amount.

*Collision* – means *your car* upset or hit or was hit by a vehicle or other object.

## Clothes and Luggage – Comprehensive and Collision Coverages

We will pay for *loss* to clothes and luggage owned by the first *person* named in the declarations, his or her *spouse*, and their *relatives*. These items have to be in or on *your car*. *Your car* has to be covered under this policy for:

1. Comprehensive, and the *loss* caused by fire, lightning, flood, falling objects, explosion, earthquake or theft. If the *loss* is due to theft, *YOUR* ENTIRE *CAR* MUST HAVE BEEN STOLEN; or

2. Collision, and the *loss* caused by *collision*.

We will pay up to $200 for *loss* to clothes and luggage in excess of any deductible amount shown for comprehensive or collision. $200 is the most we will pay in any one occurrence even though more than one *person* has a *loss*. This coverage is excess over any other coverage.

## Limit of Liability – Comprehensive and Collision Coverages

The limit of our liability for *loss* to property or any part of it is the lower of:

1. the actual cash value; or

2. the cost of repair or replacement.

Actual cash value is determined by the market value, age and condition at the time the *loss* occurred. Any deductible amount that applies is then subtracted.

The cost of repair or replacement is based upon one of the following:

1. the cost of repair or replacement agreed upon by *you* and *us*;

2. a competitive bid approved by *us*; or

3. an estimate written based upon the prevailing competitive price. The prevailing competitive price means prices charged by a majority of the repair market in the area where the *car* is to be repaired as determined by a survey made by *us*. If *you* ask, we will identify some facilities that will perform the repairs at the prevailing competitive price. We will include in the estimate parts sufficient to restore the vehicle to its pre-loss condition.

Any deductible amount that applies is then subtracted.

### Settlement of Loss – Comprehensive and Collision Coverages

We have the right to settle a *loss* with *you* or the owner of the property in one of the following ways:

1. pay the agreed upon actual cash value of the property at the time of the *loss* in exchange for the damaged property. If the owner and we cannot agree on the actual cash value, either party may demand an appraisal as described below. If the owner keeps the damaged property, we will deduct its value after the *loss* from our payment. The damaged property cannot be abandoned to *us*;

2. pay to:

    a. repair the damaged property or part, or

    b. replace the property or part.

If the repair or replacement results in betterment, *you* must pay for the amount of betterment; or

3. return the stolen property and pay for any damage due to the theft.

Appraisal under item 1 above shall be conducted according to the following procedure. Each party shall select an appraiser. These two shall select a third appraiser. The written decision of any two appraisers shall be binding. The cost of the appraiser shall be paid by the party who hired him or her. The cost of the third appraiser and other appraisal expenses shall be shared equally by both parties. We do not waive any of our rights by agreeing to an appraisal. If *you* give us *your* consent, we may move the damaged property, at our expense, to reduce storage costs during the appraisal process. If *you* do not give us *your* consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

The Settlement of Loss provision for comprehensive and collision coverages incorporates the Limit of Liability provision of those coverages.

If we can pay the *loss* under either comprehensive or collision, we will pay under the coverage where *you* collect the most.

When there is *loss* to *your car*, clothes and luggage in the same occurrence, any deductible will be applied first to the *loss* to *your car*. *You* pay only one deductible.

### EMERGENCY ROAD SERVICE – COVERAGE H. This coverage applies to the vehicles for which "H" appears in the "Coverages" space on the declarations page.

We will pay the fair cost *you* incur for *your car* for:

1. mechanical labor up to one hour at the place of its breakdown;

2. towing to the nearest place where the necessary repairs can be made during regular business hours if it will not run;

27
8387

3. towing it out if it is stuck on or immediately next to a public highway;

4. delivery of gas, oil, battery or tire. WE DO NOT PAY THE COST OF THE GAS, OIL, BATTERY OR TIRE.

## CAR RENTAL EXPENSE – COVERAGE R. This coverage applies to the vehicles for which "R" appears in the "Coverages" space on the declarations page.

We will repay *you* up to $10 per day when *you* rent a *car* from a car rental agency or garage due to a *loss* to *your car* which would be payable under coverage D or G, starting:

1. when it cannot run due to the *loss*; or

2. if it can run, when *you* leave it at the shop for agreed repairs;

and ending when:

1. it has been repaired or replaced, or

2. we offer to pay for the *loss*, or

3. *you* incur 30 days rent,

whichever comes first.

Any car rent payable under coverage R is REDUCED TO THE EXTENT IT IS PAYABLE UNDER COMPREHENSIVE.

## CAR RENTAL AND TRAVEL EXPENSES – COVERAGE R1. This coverage applies to the vehicles for which "R1" appears in the "Coverages" space on the declarations page.

**1. Car Rental Expense.**

We will:

a. pay *you* up to $16 of the daily rental charge when *you* rent a *car* from a car rental agency or garage; or

b. pay *you* $10 for each complete 24 hour period that *your car* is not drivable if *you* choose to not rent a *car*. *You* must report to us the period of time that *your car* was not drivable.

We will pay only if *your car* is not drivable because of a *loss* which would be payable under coverage D or G.

This applies during a period starting:

a. when *your car* cannot run due to the *loss*; or

b. if *your car* can run, when *you* leave it at the shop for agreed repairs;

and ending:

a. when it has been repaired or replaced, or

b. (1) when we offer to pay for the *loss*, if *your car* is repairable, or

(2) five days after we offer to pay for the *loss*, if:

(a) *your car* was stolen and not recovered, or

(b) we declare it a total loss,

whichever comes first.

Any car rent payable under this coverage is REDUCED TO THE EXTENT IT IS PAYABLE UNDER COMPREHENSIVE.

**2. Travel Expenses.** If *your car* cannot run due to a *loss* which would be payable under coverage D or G more than 50 miles from home, we will repay *you* for expenses incurred by *you, your spouse* and any *relative* for:

a. Commercial transportation fares to continue to *your* destination or home.

b. Extra meals and lodging needed when the *loss* to *your car* causes a delay enroute. The expenses must be incurred between the time of the *loss* and *your* arrival at *your* destination or home or by the end of the fifth day, whichever occurs first.

c. Meals, lodging and commercial transportation fares incurred by *you* or a *person you* choose to drive *your car*

from the place of repair to *your* destination or home.

**3. Rental Car – Repayment of Deductible Amount Expense.** We will repay the expense of any deductible amount *you* are required to pay the owner under comprehensive or collision coverage in effect on a substitute *car* rented from a car rental agency or garage.

**Total Amount of Expenses Payable – Coverage R1**

1. The most we will pay for the total of the "Car Rental Expense" and "Rental Car – Repayment of Deductible Amount Expense" incurred in any one occurrence is $400.

2. The most we will pay for "Travel Expenses" incurred by all *persons* in any one occurrence is $400.

**CAR RENTAL AND TRAVEL EXPENSES – COVERAGE R5.** This coverage applies to the vehicles for which "R5" appears in the "Coverages" space on the declarations page.

**1. Car Rental Expense.**

  a.  We will:

    (1) pay 80% of the rental charge when *you* rent a *car* from a car rental agency or garage. "Rental charge" means the daily rental rate plus charges for mileage and related taxes; or

    (2) pay *you* $10 for each complete 24 hour period that *your car* is not drivable if *you* choose to not rent a *car. You* must report to us the period of time that *your car* was not drivable.

    We will pay only if *your car* is not drivable because of a *loss* which would be payable under coverage D or G.

  b.  Payment will be made for a period that:

    (1) starts:

      (a) when *your car* is not drivable due to the *loss;* or

      (b) if *your car* is drivable, when *you* leave it at the shop for agreed repairs; and

    (2) ends:

      (a) when *your car* has been repaired or replaced; or

      (b) when we offer to pay for the *loss,* if *your car* is repairable but *you* choose to delay repairs; or

      (c) five days after we offer to pay for the *loss* if:

        (i) *your car* was stolen and not recovered; or

        (ii) we declare that *your car* is a total loss;

    whichever comes first.

    Any car rent payable under this coverage is REDUCED TO THE EXTENT IT IS PAYABLE UNDER COMPREHENSIVE.

**2. Travel Expenses.** If *your car* is not drivable due to a *loss* which occurs more than 50 miles from home and which would be payable under coverage D or G, we will pay *you* for expenses incurred by *you, your spouse* and any *relative* for:

  a.  commercial transportation fares to continue to *your* destination or home;

  b.  extra meals and lodging needed when the *loss* to *your car* causes a delay enroute. The expenses must be incurred between the time of the *loss* and *your* arrival at *your* destination or home or by the end of the fifth day, whichever occurs first; and

  c.  meals, lodging and commercial transportation fares incurred by *you* or a

person you choose to drive *your car* from the place of repair to *your* destination or home.

**3. Rental Car – Repayment of Deductible Amount Expense.** We will pay the expense of any deductible amount *you* are required to pay the owner under comprehensive or collision coverage in effect on a substitute *car* rented from a car rental agency or garage.

## Total Amount of Expenses Payable – Coverage R5

1. The most we will pay for "Car Rental Expense" incurred in any one occurrence is $500.

2. The most we will pay for "Travel Expenses" incurred by all *persons* in any one occurrence is $400.

3. The most we will pay for "Rental Car – Repayment of Deductible Amount Expense" incurred in any one occurrence is $400.

## Trailer Coverage

### 1. Owned Trailer

*Your* trailer is covered:

a. when it is described on the declarations page of the policy; and

b. for the coverages shown as applying to it.

### 2. Non-Owned Trailer or Detachable Living Quarters

Any physical damage coverage in force on *your car* applies to a non-owned:

a. trailer, if it is designed for use with a *private passenger car,* or

b. detachable living quarters unit

used by the first *person* named in the declarations, his or her *spouse* or their *relatives.*

The most we will pay under the comprehensive or collision coverage for a *loss* to such non-owned trailer or unit is $500.

A non-owned trailer or detachable living quarters unit is one that:

a. is not owned by or registered in the name of:

(1) *you, your spouse,* any *relative;*

(2) any other *person* residing in the same household as *you, your spouse* or any *relative;* or

(3) an employer of *you, your spouse* or any *relative;* and

b. has not been used or rented by or in the possession of *you, your spouse* or any *relative* during any part of each of the last 21 or more consecutive days. The 21 day limit is multiplied by the number of vehicles described on the declarations pages of all car policies issued by us under which *you* are insured; and

c. is not rented and used in connection with the employment or business of *you, your spouse* or any *relative.*

## Coverage for the Use of Other Cars

The coverages in this section *you* have on *your car* extend to a *loss* to a *newly acquired car,* a *temporary substitute car* or a *non-owned car.* These coverages extend to a *non-owned car* while it is driven by or in the custody of an *insured.*

*Insured* – as used in this provision means:

1. the first *person* named in the declarations;

2. his or her *spouse;* or

3. their *relatives.*

## When the Physical Damage Coverages Do Not Apply

THERE IS NO COVERAGE FOR:

1. A *NON-OWNED CAR:*

a. IF THE DECLARATIONS STATE THE "USE" OF ALL OF *YOUR*

*CARS* IS OTHER THAN "PLEAS-URE AND BUSINESS";

b. WHILE BEING REPAIRED, SER-VICED OR USED BY ANY *PER-SON* WHILE THAT *PERSON* IS WORKING IN ANY *CAR BUSI-NESS*; OR

c. WHILE USED IN ANY OTHER BUSINESS OR OCCUPATION. This does not apply to a *private passen-ger car* driven or *occupied* by the first *person* named in the declarations, his or her *spouse* or their *relatives*.

2. ANY VEHICLE WHILE:

a. RENTED OR LEASED TO OTHERS;

b. USED TO CARRY *PERSONS* FOR A CHARGE. This does not apply to the use on a share expense basis; OR

c. SUBJECT TO ANY LIEN, LEASE OR SALES AGREEMENT NOT SHOWN IN THE DECLARATIONS.

3. *LOSS* TO ANY VEHICLE DUE TO:

a. TAKING BY ANY GOVERNMEN-TAL AUTHORITY;

b. WAR OF ANY KIND;

c. AND LIMITED TO WEAR AND TEAR, FREEZING, MECHANICAL OR ELECTRICAL BREAKDOWN OR FAILURE. This does not apply when the *loss* is the result of a theft covered by this policy. Nor does it apply to emergency road service; OR

d. CONVERSION, EMBEZZLEMENT OR SECRETION BY ANY *PERSON* WHO HAS THE VEHICLE DUE TO ANY LIEN, RENTAL, LEASE OR SALES AGREEMENT.

4. TIRES unless:

a. stolen, or damaged by fire or vandal-ism; or

b. other *loss* covered by this section happens at the same time.

5. TAPES OR DISCS FOR RECORDING OR REPRODUCING SOUND.

6. ANY LASER OR RADAR DETECTOR.

7. ANY VEHICLE INSURED UNDER THIS SECTION WHILE IT IS OPER-ATED IN, IS ENGAGED IN PRAC-TICE FOR, OR IS BEING PREPARED FOR ANY RACING OR SPEED CON-TEST. This does not apply while the vehicle is operated on public roads.

### If There Is Other Coverage

1. **Policies Issued by Us to You**

If two or more vehicle coverages provided by us to *you* apply to the same *loss* or occur-rence, we will pay under the coverage with the highest limit.

2. **Coverage Available From Other Sources**

Subject to item 1, if other coverage applies to the *loss* or expenses, we will pay only our share. Our share is that percent the limit of liability of this policy bears to the total of all coverage that applies.

3. **Temporary Substitute Car, Non-Owned Car or Trailer**

If a *temporary substitute car*, a *non-owned car* or trailer designed for use with a *private passenger car* has other coverage on it, then this coverage is excess.

4. **Newly Acquired Car**

THIS INSURANCE DOES NOT APPLY IF THERE IS SIMILAR COVERAGE ON A *NEWLY ACQUIRED CAR*.

### No Benefit to Bailee

These coverages shall not benefit any carrier or other bailee for hire liable for *loss*.

### Two or More Vehicles

If two or more of *your cars* are insured for the same coverage, the coverage applies separately to each.

31
8387

# CONDITIONS

## 1. Policy Changes

### a. Policy Terms.
The terms of this policy may be changed or waived only by:

(1) an endorsement signed by one of our executive officers; or

(2) the revision of this policy form to give broader coverage without an extra charge. If any coverage *you* carry is changed to give broader coverage, we will give *you* the broader coverage without the issuance of a new policy as of the date we make the change effective.

### b. Change of Interest.
No change of interest in this policy is effective unless we consent in writing. However, if *you* die, we will protect as named insured, except under death, dismemberment and loss of sight coverage:

(1) *your* surviving *spouse*;

(2) any *person* with proper custody of *your car*, a *newly acquired car* or a *temporary substitute car* until a legal representative is qualified; and then

(3) the legal representative while acting within the scope of his or her duties.

Policy notice requirements are met by mailing the notice to the deceased named insured's last known address.

### c. Consent of Beneficiary.
Consent of the beneficiary under death, dismemberment and loss of sight coverage is not needed to cancel or change the policy.

### d. Joint and Individual Interests.
When there are two or more named insureds, each acts for all to cancel or change the policy.

## 2. Suit Against Us

There is no right of action against us:

a. until all the terms of this policy have been met; and

b. under the liability coverage, until the amount of damages an *insured* is legally liable to pay has been finally determined by:

(1) judgment after actual trial, and appeal if any; or

(2) agreement between the *insured*, the claimant and us.

Bankruptcy or insolvency of the *insured* or his or her estate shall not relieve us of our obligations.

c. under uninsured motor vehicle, underinsured motor vehicle or any physical damage coverages until 30 days after we get the *insured's* notice of accident or *loss*.

## 3. Subrogation

The rights of recovery of the *person* to or for whom we paid pass to us to the extent of our payments. That *person* shall:

a. not hurt our rights to recover; and

b. help us get our money back.

Subrogation applies to all coverages except death, dismemberment and loss of sight coverage.

## 4. Cancellation

**How You May Cancel.** *You* may cancel *your* policy by notifying us in writing of the date to cancel, which must be later than the date *you* mail or deliver it to us. We may waive these requirements by confirming the date and time of cancellation to *you* in writing.

32
8387

**How and When We May Cancel.** We may cancel *your* policy by written notice, mailed or delivered to *your* last known address. The notice shall give the date cancellation is effective.

If we cancel during the first 59 days following the policy effective date, the cancellation notice will be mailed or delivered to *you* at least 15 days before the cancellation effective date.

After the policy has been in force for more than 59 days, any notice of cancellation will be mailed or delivered to *you* at least:

a. 15 days prior to the effective date of the cancellation if such cancellation is because the premium was not paid; and

b. 30 days prior to the effective date of the cancellation if such cancellation is because of any other reason.

The mailing of the notice shall be sufficient proof of notice.

Unless the policy is canceled within 59 days of its effective date, we will not cancel *your* policy before the end of the current policy period unless:

a. *you* fail to pay the premium when due; or

b. at any time during the policy period *your* driver's license was under suspension or revocation. If we send *you* a notice of cancellation solely because *your* driver's license was suspended or revoked due to *your* failure to respond to a citation, we will reinstate *your* policy to provide continuous coverage if *you* furnish to us, before the cancellation effective date, proof that *you* have:

(1) responded to all citations; and

(2) paid all fines and penalties in connection with them.

**Return of Unearned Premium.** If *you* cancel, premium may be earned on a short rate basis. If we cancel, premium will be earned

on a pro-rata basis. Any unearned premium may be returned at the time we cancel or within a reasonable time thereafter. Delay in the return of unearned premium does not affect the cancellation.

5. **Renewal**

Unless we mail or deliver to *you* a notice of cancellation or a notice of our intention not to renew the policy, we agree to renew the policy for the next policy period upon *your* payment of the renewal premium when due. It is agreed that the renewal premium will be based upon the rates in effect, the coverages carried, the applicable limits of liability, deductibles and other elements that affect the premium that apply at the time of renewal.

Other elements that may affect *your* premium include, but are not limited to:

a. drivers of *your car* and their ages and marital status;

b. *your car* and its use;

c. eligibility for discounts or other premium credits;

d. applicability of a surcharge based either on accident history, or on other factors.

A notice of our intention to not renew will be mailed or delivered to *your* last known address at least 60 days before the end of the current policy period. The mailing of it shall be sufficient proof of notice.

6. **Premium**

The premium for this policy may vary based upon the purchase of other insurance from one of the State Farm affiliated companies.

The premium for this policy is based on information State Farm has received from *you* or other sources. If the information is incorrect or incomplete, or changes during the policy period, *you* must inform State Farm of any changes regarding the following:

33
8387

a. *your car*, or its use, including annual mileage;

b. the *persons* who regularly drive *your car*, including newly licensed family members;

c. *your* marital status; or

d. the location where *your car* is principally garaged.

*You* agree that if this information or any other information used to determine the premium is incorrect or incomplete, or changes during the policy period, we may decrease or increase the premium during the policy period based upon the corrected, completed or changed information. *You* agree that if the premium is decreased or increased during the policy period, State Farm will refund or credit to *you* any decrease in premium and *you* will pay for any increase in premium.

**7. Concealment or Fraud**

There is no coverage under this policy if *you* or any other *person* insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

## MUTUAL CONDITIONS

**1. Membership**. While this policy is in force, the first insured named in the declarations is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

**2. No Contingent Liability**. This policy is non-assessable.

**3. Annual Meeting**. The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois, and countersigned on the declarations page by a duly authorized representative of the Company.

*Laura P. Sullivan*

SECRETARY

*Vincent J. Trosino*

PRESIDENT

35
8387

**Page No.    WHAT IT IS AND WHERE YOU CAN FIND IT — THE INDEX**

6   Reporting a Claim — Insured's Duties — What to do if *you* have an accident, claim or are sued.
3   Defined Words
5   Declarations Continued
6   When and Where Your Coverage Applies
6   Financed Vehicles — Coverage for Creditor

Coverages
8   **A — Liability** — When there is damage to others.
12   **C2 — Medical Payments** — Pays for an *insured's* medical expenses.
12   **Q — Extraordinary Medical Payments** — Pays for an *insured's* medical expenses.
13   **Z — Loss of Income** — Pays income loss benefits to an *insured*.
14   **Y — Death, Dismemberment and Loss of Sight** — Pays for death of or certain injuries to an *insured*.
14   **F — Funeral Benefits** — Pays for an *insured's* funeral expenses.
16   **M — Combined Benefits** — Pays medical and funeral expenses, income loss benefits, and for death of or certain injuries to an *insured*.
18   **U — Uninsured Motor Vehicle (Stacking Option)** — When the other car or driver is not insured.
18   **U3 — Uninsured Motor Vehicle (Non-Stacking Option)** — When the other car or driver is not insured.
18   **W — Underinsured Motor Vehicle (Stacking Option)** — When the other car or driver is underinsured.
18   **W3 — Underinsured Motor Vehicle (Non-Stacking Option)** — When the other car or driver is underinsured.
26   **D — Comprehensive** — When *your car* is damaged except by collision or upset. Any deductible amounts are shown on the declarations page.
26   **G — Collision** — When *your car* is damaged by collision or upset. Deductible amounts are shown on the declarations page.
27   **H — Emergency Road Service** — When *your car* breaks down or needs a tow.
28   **R — Car Rental Expense** — When *you* need to rent a *car* because of damage to *your car*.
28   **R1 — Car Rental and Travel Expenses** — When *you* need to rent a *car* and pay extra travel expenses because of damage to *your car*.
29   **R5 — Car Rental and Travel Expenses** — When *you* need to rent a *car* and pay extra travel expenses because of damage to *your car*.

Conditions
32   1. Policy Changes
32   2. Suit Against Us
32   3. Subrogation
32   4. Cancellation
33   5. Renewal
33   6. Premium
34   7. Concealment or Fraud

34   **Mutual Conditions**

**Policy Form 9838.7**

**Exhibit "2"**

**APPLICATION FOR STATE FARM AUTOMOBILE INSURANCE**

840 0885 38

KRUCHMAN MICHAEL C
1305 18th ST  Apt 602  Altoona  PA  19103  (814) 533 9585

STATE FARM

Michael Kruchman

E. BANTON  6104
Philadelphia  F372

BINDER  ☐ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY  ☐ STATE FARM FIRE AND CASUALTY COMPANY

THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA, AS ENACTED BY THE GENERAL ASSEMBLY, ONLY REQUIRE THAT YOU PURCHASE LIABILITY AND FIRST-PARTY MEDICAL BENEFIT COVERAGES. ANY ADDITIONAL COVERAGES OR COVERAGES IN EXCESS OF THE LIMITS REQUIRED BY LAW ARE PROVIDED ONLY AT YOUR REQUEST AS ENHANCEMENTS TO BASIC COVERAGES.

SEE IMPORTANT MESSAGES ON OTHER SIDE          OFFICE COPY

## TORT OPTIONS

The laws of the Commonwealth of Pennsylvania give you the right to choose either of the following two tort options:

A. "Limited Tort" Option - The laws of the Commonwealth of Pennsylvania give you the right to choose a form of insurance that limits your right and the right of members of your household to seek compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses, but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious injury" as set forth in the policy, or unless one of several other exceptions noted in the policy applies.

B. "Full Tort" Option - The laws of the Commonwealth of Pennsylvania also give you the right to choose a form of insurance under which you may maintain an unrestricted right for you and the members of your household to seek financial compensation for injuries caused by other drivers. Under this form of insurance, you and other household members covered under this policy may seek recovery for all medical and other out-of-pocket expenses and may also seek financial compensation for pain and suffering and other nonmonetary damages as a result of injuries caused by other drivers.

If you wish to change the tort option that currently applies to your policy, you must notify your agent, broker or company and request and complete the appropriate form.

## IMPORTANT NOTICE

Insurance companies operating in the Commonwealth of Pennsylvania are required by law to make available for purchase the following benefits for you, your spouse or other relatives or minors in your custody or in the custody of your relatives, residing in your household, occupants of your motor vehicle or persons struck by your motor vehicle:

(1)   Medical benefits, up to at least $100,000.

(1.1) Extraordinary medical benefits, from $100,000 to $1,100,000 which may be offered in increments of $100,000.

(2)   Income loss benefits, up to at least $2,500 per month up to a maximum benefit of at least $50,000.

(3)   Accidental death benefits, up to at least $25,000.

(4)   Funeral benefits, $2,500.

(5)   As an alternative to paragraphs (1), (2), (3) and (4), a combination benefit, up to at least $177,500 of benefits in the aggregate or benefits payable up to three years from the date of the accident, whichever occurs first, subject to a limit on accidental death benefit of up to $25,000 and a limit on funeral benefit of $2,500, provided that nothing contained in this subsection shall be construed to limit, reduce, modify or change the provisions of section 1715(d) (relating to availability of adequate limits).

(6)   Uninsured, underinsured and bodily injury liability coverage up to at least $100,000 because of injury to one person in any one accident and up to at least $300,000 because of injury to two or more persons in any one accident or, at the option of the insurer, up to at least $300,000 in a single limit for these coverages, except for policies issued under the Assigned Risk Plan. Also, at least $5,000 for damage to property of others in any one accident.

Additionally, insurers may offer higher benefit levels than those enumerated above as well as additional benefits. However, an insured may elect to purchase lower benefit levels than those enumerated above.

Your signature on this notice or your payment of any renewal premium evidences your actual knowledge and understanding of the availability of these benefits and limits as well as the benefits and limits you have selected.

If you have any questions or you do not understand all of the various options available to you, contact your agent or company.

If you do not understand any of the provisions contained in this notice, contact your agent or company before you sign.

Signature of Applicant _____ no                    Date _____ Oct 21, 1997

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
### Accident Record Rating Plan

ACCIDENT-FREE DISCOUNT - Policyholders without chargeable accidents receive State Farm's lowest accident-free rates. For certain classes of vehicles a 10% discount applies (but not for all coverages) if your car or the car that it replaces has been continuously insured with State Farm for at least three years and there have been no chargeable accidents (or it has been three years since an accident surcharge was initiated). This discount is increased to 15% after another three years (total of six years). This discount applies as long as your car or the car it replaces remains continuously insured with State Farm and there are no chargeable accidents. Chargeable accidents are those for which State Farm paid at least $850 in property damage liability, or in the event of a one car accident, under Collision coverage.

SURCHARGES - Policyholders with chargeable accidents may lose their accident-free discount and receive accident surcharges. If the accident is the first in nine years and your car or the car that it replaces has been continuously insured with State Farm for at least nine years, the accident-free discount will continue and no surcharge will be applied. Only certain classes of vehicles and coverages are subject to these surcharges. The surcharge for each accident depends upon the number and timing of the accidents. Each surcharge will remain in effect for three years from the renewal date on which it first takes effect.

## STATE FARM FIRE AND CASUALTY COMPANY
### Accident and Violation Records

STANDARD RISK DISCOUNT - For certain classes of vehicles this discount applies (but not to all coverages) if the principal operator has been licensed for at least three years; the combined driving record of all operators of the car contains no major driving violations and no more than one minor driving citation or chargeable accident during the past three years; and liability insurance on this car (or the one it replaced) has been maintained for the past 12 months. This discount does not apply on renewal if you previously did not qualify for it and there has been a chargeable accident in the past three years.

SURCHARGES - Chargeable accidents will result in a surcharge. Chargeable accidents are those which resulted in bodily injury, death, or damage to any property in the amount of $850 or more. Only certain classes of vehicles and coverages are subject to these surcharges. The surcharge for each accident depends on your prior record and will apply for up to three years.

An additional surcharge applies if all operators combined have had three or more minor driving citations and/or chargeable accidents or a major violation during the past three years.

Note: State Farm Mutual Automobile Insurance and State Farm Fire and Casualty Companies - Surcharges will be removed if satisfactory evidence is furnished that the driver involved is no longer a member of the household or will not be driving the car in the future. If that driver is insured on another State Farm policy, his or her driving record will be considered in the rating of the other policy.

Complete details of these programs are available from your State Farm agent.

Passive restraint, passive anti-theft device, and driver improvement course discounts are available for drivers who meet the requirements of Pennsylvania law.

### PRIOR DAMAGE DIAGRAM

840 0885 38

DOCUMENT CODE 92

009

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY      STATE FARM FIRE AND CASUALTY COMPANY

Applicant/Insured Name **KRUCHMAN, MICHAEL**      Policy Number **NEW APP**

Date **10/24/97**      Agent's Code **6104**

I understand that this acknowledgment of coverage selection shall be applicable, as of the date specified above, to the policy of insurance identified above or for which application is being made, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

### REJECTION OF STACKED UNINSURED COVERAGE LIMITS
### UNINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

(X) _____                    (X) 10/24/97
Signature of First Named Insured                    Date

### REJECTION OF STACKED UNDERINSURED COVERAGE LIMITS
### UNDERINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

(X) _____                    (X) 10/24/97
Signature of First Named Insured                    Date

150-4188 PA.9  Rev. 12-96

**Exhibit "3"**

☑ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY   ☐ STATE FARM FIRE AND CASUALTY COMPANY

Applicant/Insured Name _Ve Kslin   Edvard_____   Policy Number _____

Make of Vehicle _____   Year _____   Vehicle Identification Number _2547____

Date _____   Agent's Code _____

I understand that this acknowledgment of coverage selection shall be applicable, as of the date specified above, to the policy of insurance identified above, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

### PENNSYLVANIA UNINSURED MOTORIST COVERAGE
### (Acknowledgment of Coverage Selection)

Pennsylvania law requires that no motor vehicle liability insurance policy shall be delivered or issued for delivery unless coverage has been made available for bodily injury for persons who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.

Uninsured Motor Vehicle - Coverages U and U3 are available with limits up to $100,000 per person and $300,000 per accident or with limits up to the Bodily Injury Liability limits, whichever is higher. Coverage U or U3 must be written at these limits unless the named insured selects lower limits or rejects the coverage entirely. (Minimum limits are the financial responsibility limits for bodily injury liability.)

I acknowledge that I have been given the opportunity to purchase Uninsured Motor Vehicle Coverage limits up to $100,000/$300,000 or my Bodily Injury Liability limits, whichever is higher but instead:

I select Uninsured Motor Vehicle Coverage limits of $ ___15___ /$ ___30___ in lieu of the
                                                per person      per accident
higher limits made available to me.

_Edward Vebsh_____   _11-30-9c_
Signature of First Named Insured                          Date

### REJECTION OF STACKED UNINSURED COVERAGE LIMITS
### UNINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

_Edward Vebshln_____   _11-30-9c_
Signature of First Named Insured                          Date

### REJECTION OF UNINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

_____   _____
Signature of First Named Insured                          Date

Q.4166 PA.1   Rev 4-93   Printed in U.S.A.

☐ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY   ☐ STATE FARM FIRE AND CASUALTY COMPANY   V 380500X

Applicant/Insured Name _Vukich_   Policy Number _____

Make of Vehicle _____ Year _84_   Vehicle Identification Number _____ 3) 10

Date _4-13-9_   Agent's Code _280_

I understand that this acknowledgment of coverage selection shall be applicable, as of the date specified above, to the policy of insurance identified above, on all replacement policies and on all renewals of either this policy or any replacement policy, unless I request in writing a different selection for such coverage.

## PENNSYLVANIA UNDERINSURED MOTORIST COVERAGE
(Acknowledgment of Coverage Selection)

Pennsylvania law requires that no motor vehicle liability insurance policy shall be delivered or issued for delivery unless coverage has been made available for bodily injury for persons who are legally entitled to recover damages from owners or operators of underinsured motor vehicles.

Underinsured Motor Vehicle - Coverages W and W3 are available with limits up to $100,000 per person and $300,000 per accident or with limits up to the Bodily Injury Liability limits, whichever is higher. Coverage W or W3 must be written at these limits unless the named insured selects lower limits or rejects the coverage entirely. (Minimum limits are the financial responsibility limits for bodily injury liability.)

I acknowledge that I have been given the opportunity to purchase Underinsured Motor Vehicle Coverage limits up to $100,000/$300,000 or my Bodily Injury Liability limits, whichever is higher.

I select Underinsured Motor Vehicle Coverage limits of $ ___15___ /$ ___30___ in lieu of
the higher limits made available to me.      per person        per accident

Signature of First Named Insured _Edward Vukich_      Date _4-13-9_

## REJECTION OF STACKED UNDERINSURED COVERAGE LIMITS
UNDERINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

Signature of First Named Insured _Edward Vukich_      Date _4-13-92_

## REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

Signature of First Named Insured _____      Date _____